Stevenson *v.* The Counting Room Co.

---

# City Court.

*Trial Term—February,* 1886.

STEVENSON *against* THE COUNTING ROOM CO.

In order to charge a corporation with the debt of another corporation, it is necessary for the plaintiff to show that the defendant (corporation), at a meeting of its board of directors, assumed the debt in a legal manner.

McAdam, Ch. J.—The defendant was organized as a corporation January 1, 1884, under the act in regard to business corporations (*Laws* 1875, c. 611). Work was done for the defendant to the amount of $6.70, and for this sum, with 73 cents interest, aggregating $7.43, the plaintiff is entitled to judgment. The balance of the plaintiff's bill is for work done, prior to the time of the defendant's incorporation, for the " American Counting Room Co.," another corporation, which failed shortly prior to the time when the defendant was incorporated.

The plaintiff seeks to hold the defendant for the bill contracted by the prior corporation; but the only proof connecting the defendant with it is a conversation, had with one Hopkins, the secretary and treasurer of the defendant, who was connected officially with the former corporation. This evidence is insufficient. In order to charge the debt of the former corporation on the defendant, it was necessary for the plaintiff to prove that the directors of the defendant, at a meeting of the board, in a legal manner, assumed the debt. This was necessary in order to make the assumption a corporate act. The officers of a corporation are mere agents, and possess only such powers as are necessary to enable them to perform the duties incidental to their office. Assuming the debts of another corporation is no part of the duties of an officer, and there is no implied power to charge the corporation thereby. Such acts are foreign to his mission. One who deals with officers of a corporation is bound to know their powers and the extent of their authority, and the corporation is only bound by their acts which are within the scope of their authority (Alexander v. Cauldwell, 83 N. Y. 480).

There is a well recognized distinction between the acts of an officer incidental to his duties, and in respect to which he has an implied authority to bind the corporation, and those foreign to his duties, as to which the corporation by its board of directors must act in order to charge it. The two corporations were independent legal entities, —as much so as two individuals,—and the fact that the defendant, in some form not made clear, succeeded to the publication issued by the former corporation does not charge it with the debts owing by such other corporation. Corporations, like individuals, may purchase assets without assuming the liabilities of the vendor. If assumption is alleged, it must be legally proved.

For the reason stated, the complaint will be dismissed

as to the work done for the prior corporation, and judgment given in favor of the plaintiff for the $7.43 contracted and owing by the defendant.